15-1449 Gold Medal Products v. C. Cretors and Company I think in view of the 244 patent, the specification, the figures, and the way in which even Cretors has described the teachings of the specification, that is an unreasonable conclusion. The red brief argues that at 2 and 3 that you could have amended the phrase in the re-examination and didn't make a timely proper amendment. Our position at that time was that inlet within means that the inlet has to be in the space. Yes, but in order to avoid all of this, why didn't you just amend the claims to be clear? Well, as a matter of fact, that amendment was attempted to be made during re-examination, but the PTAB rejected that opportunity and did not allow that amendment. Now, in the briefing... That's the basis for rejecting it. Not timely. And in the briefing, this is an important point, in the briefing, Cretors raised this issue. They raised it only in... What briefing? Are you talking about our briefing or are you talking about the briefing to law? I apologize. In the Federal Circuit briefing, Cretors raised this very issue at a footnote, which, one, is improper, but, two, they state, Cretors, not Gold Medal, Cretors states that this attempted amendment has no effect on the issue that's before the panel. It's completely irrelevant. It has no impact. And that is Cretors' statement in a footnote in their brief to this court. So, going back to your question, Your Honor... Well, I think we're the ones that get to decide whether it's completely irrelevant, not you or your friend on the other side, but be that as it may, why don't you continue? You're right, Your Honor. Although, when an opposing party doesn't raise the issue in a brief, it certainly governs or instructs how the reply brief would be formatted. But I wasn't reading from a footnote. I was reading from pages two and three of their brief. Well, it's true that Cretors raised the issue that an amendment could have been made. But they also acknowledge that that amendment that was, in fact, attempted to be made has no impact on the court's analysis of this issue. So, the reason why, in this particular situation, in the context of the 244 patent, why the PTAB's conclusion that the chamber having a top wall means that the top wall is part of the same structure that is the chamber, I'll explain why that's incorrect. But I'll also explain why it's completely irrelevant. It's completely irrelevant. So, first, why it was improper and, therefore, it's not a reasonable construction for the PTAB to take. First of all, let's just take a look at a fence of a yard. That is, a fence or a yard having a fence does not mean that the fence is part of the yard. It means it's the outer demarcation of the yard. Much like in this case. I don't know. If I bought real property and the description included a fence, I would consider it to be part of the property. I agree with you completely. It would be part of the property, but you would not understand the fence to be part of the yard. It's not the yard. It's part of the property. It's much like the top wall as described in the 244 patent. The chamber is described as having a top wall. It has a top line of demarcation. And I think the issue is really clarified at the bottom of page 17 and the top of page 18 of Creter's own brief, where it is describing what figure six of the 244 patent is describing. And this is really interesting. This is Creter's analyzing what the teachings of the 244 patent are. And it states, Creter states, not Gold Medal, Creter states that figure six depicts an inlet that is at least part of it is below the top wall, and a part of it is above the top wall. The important point to note here is that Creter's own assessment of the teachings of the 244 patent is not that there's an inlet in the wall. It is either below it or above it. In addition, during prosecution of the application that issued as the 244 patent, the inventor made it very clear and precisely utilized the difference between a chamber and a top wall in reference to the day prior art reference. The inventor distinguished his invention over that piece of prior art by describing that prior art as having a pot or a kettle in the chamber, within the chamber, but also describing the opening as being in the top wall. So the inventor knows very clearly that there are two separate structures, the chamber and the top wall. But it's irrelevant. It's absolutely irrelevant. The PTAB made an error when it based its decision on that analysis, but it's irrelevant because a wall is not a space. The undisputed, agreed-upon meaning of within is inside an area or a space. Can we get back to why isn't that application of the prior art to the claim that is reviewed for substantial error or substantial evidence? I think it is the board construing that language in a way that is broader than intended. It is broader than just an inlet inside the space. I think we have your argument. You're into your rebuttal, so it's up to you, but I think we've got your argument done. So you might want to sit down so we can hear from the other side. I think I will. Thank you very much. Thank you. May it please the court, my name is Stephen Arnett. I'm with the law firm of Perkins Cooey. We are a counsel for the appellee, SeaCreators and Company. I will come back to a couple of points that counsel made. Appellant contends that the board's construction of the claim limitation, quote, inlet within a popcorn receiving chamber, end quote, is improper. The board, however, properly applied the broadest reasonable interpretation standard, which applies in a patent reexamination. The board's construction of the limitation inlet within the popcorn receiving chamber was based on the express claim language that stated that the popcorn receiving chamber includes a top floor. The board's... Well, it doesn't use the word includes, it says having a top wall. And your friend says that within means inside, and a top wall is just the external structure. You are correct. For the claims at issue, it does say has a top wall. Claims not at issue uses the word includes. You are correct, Your Honor. But the board's interpretation was not unreasonably broad. The broadest reasonable interpretation standard applies in the inter partes reexamination because the patent owner has a fair opportunity to amend the claims, and thus a broad construction by the patent office presents no unfairness to the patent owner who can amend his or her claims to more clearly define the claim subject matter. Gold Medal chose not to amend its claims in a timely manner and must therefore live with the claims as written. The patent on appeal is directed to popcorn popping machines. The claims at issue are Claims 1 and 38 through 42. Claim 1 is representative and is directed to a popcorn popper that includes, quote, a popcorn receiving chamber having a top wall, end quote, and an, quote, inlet within the popcorn receiving chamber, end quote. There are two issues before the court. The first issue is whether the board properly construed the claim limitation and live within a popcorn receiving chamber. The second issue... Why is the boundary within the space? Why is the top within the space? Your Honor, the claim does not recite a boundary. That is something that the appellant would like to import into the claim. The claim does not say that the popcorn machine has a popcorn receiving chamber having a boundary. It doesn't say that the popcorn receiving chamber is below a top wall. It says it has a top wall. Right. So my question to you is I want you to address his direct argument of why is it that the inlet, which is just in the top, is not within the space? The space includes the top wall, which is a structure. Now, when we look at space, we're looking at that term in isolation. We need to look at the claim limitation as a whole. The limitation as a whole says an inlet within a popcorn receiving chamber. Okay. The popcorn receiving chamber is defined as having a top wall. A top wall is a structure. It's not defined in the specification as being a boundary. It's not defined as being some imaginary boundary. As a matter of fact, the top wall is not defined in the specification. When we look at the claim language... Indeed. And that something is a wall, a structure. And when the claim language recites that the popcorn receiving chamber has this structure, this top wall, it is not unreasonable to conclude, as the board did, that an inlet within the popcorn receiving chamber is an inlet within the top wall. Based on this construction, the board concluded that prior art, including a GM manual as well as a CREATORS Diplomat popcorn manual that disclosed openings in top walls of popcorn receiving chambers, satisfied the claim limitation. This court should affirm the board's decision, holding that claims 1 and 38-42 are therefore unpatentable as anticipated or obvious. In disputing the board's construction, Gold Medal raises several arguments that find no basis in the specification or the claim language. Indeed, while we've heard about space, we've heard about boundary, nowhere in the specification or the claims does it state that the inlet must be spaced below the top wall. To your point, Judge Stoll, it does appear that the board adopted Gold Medal's proffered claim construction. But what Gold Medal appears to be arguing is that an inlet within the popcorn receiving chamber must be an inlet spaced below the top wall. But here again, nowhere do we see that in the specification or the claims. Interestingly, when they wanted to specify that the popping kettle be spaced below the top wall, they knew how to do so. With respect to the popping kettle, claim 1, for example, explicitly states that the popping kettle is located entirely within the popcorn receiving chamber and, quote, spaced from the top wall thereof, end quote. No such limitation applies to the inlet. When we look at the inlet, we simply have the claim that says the popcorn receiving chamber has a top wall and we have an inlet within a popcorn receiving chamber. Therefore, an inlet within the top wall meets the claim limitation of an inlet within the popcorn receiving chamber. As to the harmful error issue, although Gold Medal contends that the board's construction resulted in harmful error, Gold Medal makes no attempt to show that the alleged error was in fact harmful because of the effect of the decision below, which is this court's precedent. That is, Gold Medal makes no attempt to show that under their proffered construction, the prior considered by the board would not have anticipated or rendered obvious the claim limitation at issue. Because the board's construction of the claim limitation inlet within a popcorn receiving chamber complied with the broadest reasonable interpretation standard and was not unreasonably broad, the court should affirm the board's decision. Additionally, because the appellant has failed to show harmful error, the court may also affirm on this independent basis as well. I'd now like to address a couple of Gold Medal's arguments. Gold Medal notes or assumes that C Cretors defined the inlet as being both below the top wall and above the top wall, but that the appellee did not describe the inlet as being within the top wall. I will simply say this, if the inlet extends below the top wall and above the top wall, there is a portion of that inlet that is within the opening of the top wall. It exists in the opening of the top wall. Before I address some additional arguments that were raised by Gold Medal, I do want to clarify this issue about Claim 38. The version of Claim 38 in the appellant's brief is not the version on appeal. It includes an attempted amendment that was not timely and was not entered. The amendment would have required that the inlet be located, quote, below the top wall so as to be located inside the popcorn receiving chamber, end quote. In contrast, the correct version of Claim 38 that is on issue only requires that the inlet be, quote, within the popcorn receiving chamber, end quote. Where is that? I assume you're saying it's in the blue brief. In Gold Medal's opening brief. Where is it? It's on page 12 of the opening brief. Your Honor. Okay. I see. So you're saying that where it says added during the examination, it wasn't in fact added. It was attempted to be added. It was attempted to be added. It was attempted to be added. As we heard earlier, it was untimely. I didn't see them as raising this claim. I thought the claim, the case was about the rejections of 1 and 39 through 42. So I'm not sure that 38 has that. No, the claims of the issue, I believe, Your Honor, are claims 1 and 38 through 42. We raise that simply to clarify any confusion. But the attempted amendment, though, does illustrate that when Gold Medal wanted to clearly define the location of a structure relative to the top wall, it knew how to do so. It chose not to with respect to the inlet. However, Gold Medal would have this court now read this limitation into the inlet. Gold Medal also erroneously contends that because the claims may relate the location of the kettle and kettle top to both the popcorn receiving chamber and the top wall, that somehow the top wall then cannot be part of the popcorn receiving chamber and hence an inlet in the top wall cannot be an inlet within the popcorn receiving chamber. This argument, Your Honor, fails at the outset because the express claim language says that the top wall is part of the popcorn receiving chamber. Even Gold Medal concedes in their reply brief that the popcorn receiving chamber and the top wall can be considered, quote, unitary, end quote. Moreover, the language regarding the location of the kettle and the kettle top is of no moment vis-a-vis the inlet. Gold Medal has also talked, or will perhaps talk some more, that the prosecution history further supports their argument that the Board erred in its construction. The prosecution history at issue is simply a description of a kettle and kettle top in a prior reference, namely the day reference. This description of the prior has, again, no bearing on the claim construction at issue. Moreover, I should point out that nowhere in the cited prosecution history does it constitute a clear and unambiguous definition for, quote, an inlet within a popcorn receiving chamber, end quote. Gold Medal will also talk about Dependent Claims 3 and 5 as further supporting their position that the popcorn receiving chamber cannot include a top wall. Claims 3 and 5 are merely Dependent Claims that depend either directly or indirectly from Claim 1, and all that they do is further limit the position of the inlet in ways that are entirely consistent with the Board's construction. In sum, because the Board's construction of the limitation, inlet within said popcorn receiving chamber, was not unreasonably broad, and Gold Medal's arguments to the contrary are unavailing, this Court should affirm the Board's construction of this claim limitation. I would like to say a few things briefly, if I may, regarding harmful error. Gold Medal contends that it only needs say that the claim construction resulted in harmful error, rather than make a showing of harmful error. This Court's precedent requires a showing that the error was in fact harmful because it affected the decision below. Gold Medal has not made such a showing. Gold Medal has not demonstrated that under its proffered claim construction, the prior error considered by the Board would not have resulted in the claim limitation being anticipated or rendered obvious. For the foregoing reasons, Appellee C. Krieters and Company respectfully request the Court affirm the Board's decision in its entirety. If the judges have no further questions, Appellee would wish to submit the remainder of its time to the Court. Thank you. Thank you. Mr. Schatz, you've got a couple minutes left. Thank you, Your Honors. A few points. What about the reference to Claim 38 added during re-examination? Was it or wasn't it? Claim 38 was added during re-examination, and then it was amended. The amendment is what was not entered. In that portion of the brief, Gold Medal simply was identifying the fact that with respect to the kettle, the claim discusses, like in Claim 1, it has a spatial relationship with the chamber. The kettle also has a spatial relationship with the top wall. Clearly treating those structures as separate things, right? But is this claim here on Page 12 and 13, is that the claim that's actually pending before the Court? It is not. Claim 38 on Page 12 is the amended claim which was not entered. Oh. And that was a mistake. It was clarified. Well, you should have said that when I asked you the question. No. The reason why Claim 38, though, is here in the original brief is because it talks about the kettle and the relationship with the chamber. You're not challenging the obviousness determination on Claim 38, are you? Because I didn't see where you made any argument. Claim 1, 38, 39, 40, 41, and 42 are all on appeal because they all teach or require an inlet that is inside the space. Those are all on appeal. And Creter's analysis of the figures of the specification make it very clear that any interpretation that allows the inlet to be in the top wall is inappropriate and unreasonable. Creter's own brief at Page 4. As shown in Figure 1, a hole in the top wall such that one portion of the inlet is positioned below the top wall and another portion of the inlet is positioned above the top wall. There is absolutely no discussion of an inlet in the top wall, and the reason is it would be nonsensical. Under this analysis and under the PTAB's decision, theoretically, the kettle and the kettle top could be entirely in the top wall, part of the chamber. It would be an inoperable popper because the kettle could not dump. And we raised this in our opening brief, and that goes silent. There is absolutely no response from Creter's that such an analysis would render a popper completely nonsensical and inoperable. Thank you. We thank both parties for cases. Thank you.